UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARTIN,

        Plaintiff,

                                        File No.  1:08-CV-961

v.

                                        HON. ROBERT HOLMES BELL

NILES HOUSING COMMISSION, *et al.*,

        Defendants.

_____/

## **O P I N I O N**

Before the Court is a motion for summary judgment filed by Defendants Niles

Housing Commission, Niles Housing Commission Board of Directors, Scott Clark, Georgia

Boggs, and Jessica Millar.  (Dkt. No. 31.)  The Court has reviewed the parties' briefing with

respect to the motion and has determined that oral argument is not necessary.  W.D. Mich.

LCivR 7.2(d).  For the reasons that follow, the Court will grant Defendants' motion in part

as to Plaintiff's federal claim and remand the remainder of the action to state court.

### I.  Factual Background

According to his complaint, Plaintiff David Martin served as Interim Director of the

Niles Housing Commission ("NHC") for various periods in 2005 and 2007.  In September

2007, he was appointed the Permanent Executive Director of the NHC.  Plaintiff contends

that, during his tenure as Executive Director, he made statements to other members of the

NHC regarding "concerns about the propriety or legality of the actions and statements of NHC Board members." (Compl. ¶ 27.) Plaintiff contends that, as Executive Director, he terminated several no-bid contracts that NHC board members had arranged with friends and family members. Plaintiff alleges that he informed several members of the board of the NHC, including Defendants Clark, Millar, and Boggs, that they were violating existing NHC policies. According to Plaintiff, at a meeting on May 27, 2008, Defendant Millar stated that she had been intimidated by Plaintiff with respect to preparation of the minutes of a previous board meeting. Defendants Boggs, Clark, and Millar then voted to suspend Plaintiff in his position as Executive Director. The board held another meeting on June 5, 2008. During the public portion of that meeting, Defendant Millar allegedly denied that she had been verbally intimidated or threatened by Plaintiff, but asserted that her statements at the earlier meeting were based on a "gut feeling" to that effect. (Compl. ¶ 87.) Following a closed session at the June 5 meeting, the board of the NHC voted to terminate Plaintiff. After Plaintiff received a notice of termination on June 12, 2008, Plaintiff requested a grievance hearing to challenge the termination. The board of the NHC held the first part of a grievance hearing on July 1, 2008, but decided to adjourn the remainder of the hearing until it could secure counsel. Following the July 1 hearing, Defendant Clark allegedly made comments that were quoted in the press to the effect that Plaintiff would not be rehired. The second part of the grievance hearing was held on February 26, 2009, at which time the board affirmed its decision to terminate Plaintiff.

## II. Procedural History

Plaintiff filed the instant action on September 22, 2008, in Circuit Court for Berrien County in the State of Michigan. The action was removed to this Court in October of 2008 pursuant to 28 U.S.C. §§ 1441(b) because one of Plaintiff's claims was a federal claim arising under 42 U.S.C. § 1985. (Dkt. No. 1, Notice of Removal.) After removal, Plaintiff filed an amended complaint alleging seven claims, including one federal claim brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the First Amendment. (Dkt. No. 24, Revised First Am. Compl. ¶¶ 139-145.) The Court has original jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

## III. Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006). In order to defeat a summary judgment motion, the nonmoving party "must show sufficient evidence to create a genuine issue of material fact." *Prebilich-Holland v. Gaylord*

*Ent. Co.*, 297 F.3d 438, 442 (6th Cir. 2002) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990)). The nonmoving party must provide more than a scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In other words, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Id.* Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. Analysis

Plaintiff's federal claim alleges that he was terminated in retaliation for engaging in conduct that is protected by the First Amendment. To establish a claim of retaliation under the First Amendment, an employee must demonstrate that:

> (1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by his protected conduct.

*Scarborough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006). Furthermore, a public employee like Plaintiff must demonstrate "that the speech 'touches on a matter of public concern' and that 'his interest in the speech outweighs the government's countervailing interest in promoting the efficiency of the public service it provides as an employer.'" *Haynes v. City of Circleville*, 474 F.3d 357, 362 (6th Cir. 2007) (quoting *Taylor*

*v. Keith*, 338 F.3d 639, 643 (6th Cir. 2003)). Finally, to qualify for protection, speech by a

public employee must be made as a private citizen rather than pursuant to official duties. *Id.*

at 363 (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006)). Plaintiff's complaint alleges that

his protected conduct included:

> a. making statements to the press or in open Board meetings on matters of public interest[;]
>
> b. preventing members of the Board from interfering with the performance of [Plaintiff's] duties;
>
> c. informing members of the Board . . . of his intention to carry out the lawful directives of HUD;
>
> d. carrying out . . . the lawful directives of HUD and the policies and procedures of NHC;
>
> e. acting . . . in accordance with the contracts and operating agreements between or among HUD, the Commission, the Board and the City;
>
> f. communicating truthfully with officials of HUD concerning matters of public concern;
>
> g. filing the instant lawsuit; and
>
> h. thereafter exercising his free speech right to discuss, on his own or through counsel, the NHC Board's misconduct and the HUD Report.

(Compl. ¶ 140.) At a deposition, Plaintiff testified that the speech referred to in his

complaint concerned the eviction of a tenant and a dispute with other board members

regarding the board's access to information and records under the Privacy Act. (Dkt. No. 31,

Defs.' Brief in Supp. of Mot. for Summ. J., App'x B, 06/11/2009 Martin Dep. 65-67, 78-80.)

Defendants argue that this speech was not protected because it was made pursuant to

Plaintiff's position as the Executive Director. Plaintiff himself testified that his statements on the latter issues were made pursuant to his official duties. (*Id.* at 65, 67.) Plaintiff offers no evidence or argument to raise a genuine issue of material fact with respect to whether he engaged in any conduct prior to the board's decision to terminate him on June 5, 2008, that would qualify for protection under the First Amendment. Indeed, in response to Defendants' motion for summary judgment, Plaintiff concedes that "his statements made in his capacity as Interim and Executive Director may not provide a clear basis for a First Amendment [r]etaliation claim." (Dkt. No. 33, Plf.'s Br. in Opp'n to Mot. for Summ. J. 22.)

Nevertheless, Plaintiff contends that conduct *after* his termination on June 5, 2008, including the filing of the instant lawsuit in September of 2008, constitute protected conduct in support of his retaliation claim. In an affidavit filed in response to Defendants' motion, Plaintiff asserts that after the board decided to terminate him in June of 2008, he did not make any public statements about his termination "until, shortly after the July 1, 2008 grievance hearing [when Defendant Clark] publically stated that I would never be rehired." (Dkt. No. 33, Attach. C, Martin Aff. ¶ 12.) After that time, Plaintiff states that he "made several statements challenging my termination" and "spoke with NHC residents and staff who were supportive of me." (*Id.*) Apart from the foregoing, Plaintiff offers no indication as to the contents or context of his statements to indicate whether they would qualify as protected speech. Plaintiff asserts that, in retaliation for his conduct, the board changed its procedures for the second grievance hearing. Plaintiff asserts that he was allowed to question

Defendant Millar at the first grievance hearing but was not allowed to ask any questions or present any witnesses at the second hearing. Plaintiff apparently contends that "changing the rules to [Plaintiff's] great disadvantage" at the second grievance hearing, as well as the board's affirmance of its decision not to reinstate him, constituted adverse action intended to deter him from engaging in protected conduct.[1] However, as Defendants indicate, Plaintiff offers no evidence to show that any of Plaintiff's conduct after July 2008 motivated any of the board's actions. In other words, even if Plaintiff could show that he engaged in protected conduct after July 2008, and even if he could show that the board's conduct after the first grievance hearing constituted adverse action, Plaintiff offers no evidence indicating that the latter was motivated by the former. Conclusory, unsupported allegations of causation are insufficient to support a retaliation claim. *See Evans v. Prospect Airport Servs.*, 286 F. App'x 889, 896 (6th Cir. 2008); *Holley v. Giles County*, 165 F. App'x 447, 453 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). At best, Plaintiff's evidence indicates that his allegedly protected conduct occurred some time before the board's actions. This is not sufficient to support an inference of retaliation. *See Evans*, 286 F. App'x at 895 (noting that even temporal proximity is not in itself sufficient to establish causation, unless the conduct and the adverse action occur very close in time).

---

[1]The Court notes that Plaintiff offers no evidence that Defendants changed any agreed-upon rules under which Plaintiff would be allowed to ask questions and present witnesses, as Plaintiff suggests. Plaintiff himself testified that there was no set policy for how grievance hearings should be conducted. (Martin Dep. 52.)

In summary, Plaintiff offers no evidence sufficient to raise a genuine issue of material fact with respect to (1) whether he engaged in any protected conduct that might have been the basis for the board's decision to terminate him in June of 2008, and (2) whether any actions of the board after the grievance hearing in July of 2008 were motivated by any protected conduct on the part of Plaintiff. For the foregoing reasons, the Court will grant summary judgment in favor of Defendants as to Plaintiff's claim of retaliation under the First Amendment.

Having resolved Plaintiff's federal claim, the Court notes that Plaintiff's remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to decline to exercise supplemental jurisdiction over state-law claims when the claims over which the Court has original jurisdiction have been dismissed. Generally, when federal claims have been dismissed before trial, the Court should dismiss the state-law claims as well. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court notes that Plaintiff alleged a single federal claim, but the bulk of his case consists of his state-law claims. Comity and fairness weigh in favor of having a state

court adjudicate Plaintiff's state-law claims. Moreover, because this case was removed from state court, the Court may remand it to state court rather than dismiss the remaining claims. *Cohill*, 484 U.S. at 357. A remand avoids the inconvenience and expense to the parties of refiling pleadings in state court, and avoids the risk that Plaintiff's claims that were timely filed would be barred by a statute of limitations upon refiling. *See id.* at 351-52. Therefore, the Court declines to exercise jurisdiction over Plaintiff's state-law claims and will remand the action to state court. An order will be entered that is consistent with this opinion.

Dated: <u>November 13, 2009</u>         <u>/s/ Robert Holmes Bell</u>
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE